IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM EARL JOHNSON, Jr., | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-224-O |
| BUREAU OF PRISONS, | § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by Petitioner William Earl Johnson, Jr., a federal prisoner presently assigned to a community confinement center in Fort Worth, Texas. After considering the petition and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be dismissed.

**I.    BACKGROUND/CLAIM FOR RELIEF**

Petitioner Johnson informs that he was convicted in the United States District Court for the Eastern District of Texas in case number 6:07-CR-095-02. Pet. 1–2, ECF No.1. A review of the records of the Eastern District shows that Johnson was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and use and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and was sentenced to an aggregate term of 197 months' imprisonment. J., *United States v. Johnson*, No. 6:07-CR-095–002 (E.D. Tex. May 11, 2009), ECF No. 1035.[1] His sentence was reduced to 152 months by order granting a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Order, *United States v. Johnson*, No. 6:07-CR-095–002

---

[1] The Court takes judicial notice of the docket and records of Johnson's criminal case. *See* FED R. EVID. 201(B)(2) and (c)(1).

(E.D. Tex. October 14, 2015), ECF No. 1430. At this time, the Bureau of Prisons ("BOP") shows Johnson's projected release date as July 17, 2019. See www.bop.gov/inmate locator (last visited April 10, 2019).

In the petition, Johnson alleges that his good time credits are being awarded in an incorrect manner. Pet. 7, ECF No. 1. Johnson writes: "I was deprived of about 88 days good time credit. The First Step Act ordered the BOP to correct my sentence on December 21st 2018. They have fail [sic] to do so as of today." *Id.* Johnson seeks an order from this Court to the BOP to correct his sentence immediately and award him the good conduct time credit he calculates he should receive. *Id.* at 8. Johnson argues that his projected release date should be in April 2019 rather than July 2019 if he receives the calculation of good time credit under the First Step Act of 2018. *Id.* at 11.

## II. ANALYSIS

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115–391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). But the good time calculation provisions of the FSA 2018 amending § 3624(b) did not become effective when the law was signed on December 21, 2018. *See Banegas v. Wilson*, No. 4:19-CV-178-A (N.D. Tex. Mar. 26, 2019); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). Rather, the good-time-credit change will not take effect until the attorney general completes the "risk and needs assessment system" required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 101(a) and

102(b)(2) of the FSA 2018. *See Schmutzler v. Quintana*, No.5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *Id.; Banegas*, No. 4:19-CV-178-A (doc. 7.)

Federal courts are limited under Article III of the Constitution to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. "In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 650 (1992)). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)(internal citations omitted).

Because the BOP does not presently have the authority to recalculate Johnson's good time credit until the relevant provisions of the FSA 2018 take effect in approximately mid-July 2019, the question of whether the BOP has erred in the calculation of Johnson's sentence is premature. *Accord Banegas,* No. 4:19-CV-178-A (dismissing § 2241 petition seeking recalculation of good time credits as premature); *Gossman v. Underwood*, No.3:19-CV-351-G (BK) (N.D. Tex. April 1, 2019) (adopting findings, conclusions, and recommendation to dismiss § 2241 petition seeking recalculation of good time without prejudice as premature); *Roy*, 2019 WL 1441622 at *2 (discussing "ripeness" doctrine and finding that § 2241 petition challenging good time under the FSA was premature). Accordingly, Johnson's petition under § 2241 must be dismissed without prejudice.

## III. ORDER

For the reasons discussed herein, Petitioner William Earl Johnson, Jr.'s petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**SO ORDERED** this **11th day** of **April, 2019.**

*Reed O'Connor*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**